UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: _____

SAMARA STEWART,

       Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,

       Defendant.

## COMPLAINT

Plaintiff SAMARA STEWART ("Plaintiff"), sues the defendant PUBLIX SUPER MARKETS, INC. ("Defendant"), and alleges as follows:

## NATURE OF ACTION

1. This is an action to recover damages for discrimination and retaliation pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq*. ("FCRA") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e *et seq*. ("Title VII").[1]

## PARTIES

2. At all times material, Plaintiff was a resident of Broward County, Florida.

---

[1] Plaintiff will file a second Charge of Discrimination with the EEOC alleging retaliation against Defendant. As soon as the EEOC issues a right to sue, Plaintiff will likely move to amend this Complaint to include additional claims of retaliation under Title VII and the FCRA.

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800      Telephone: 305.503.5131
Aventura, Florida 33180      Facsimile: 888.270.5549

3. At all times material, Plaintiff was an "employee" as defined by 42 U.S.C. § 2000e(f) and Fla. Stat. § 760.02(10). Plaintiff specifically incorporates the definition of "employee."

4. At all times material, Defendant was a Florida profit corporation, doing business in Broward County, Florida.

5. At all times material, Defendant was a "person" and an "employer" as defined by 42 USC § 2000e(a) and (b) and Fla. Stat. § 760.02 (6) and (7). Plaintiff specifically incorporates the definitions of "person" and "employer."

6. At all times material, Defendant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

7. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f), 28 U.S.C. § 1331, and 28 U.S.C. §§ 1343(a) (3) and (4).

9. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within Broward County, Defendant has its principal place of business and resides within Broward County, and because the employment records of Plaintiff are stored or have been administered in Broward County.

10. Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. In particular, Plaintiff is bringing claims under the FCRA.

## PROCEDURAL REQUIREMENTS

11. Plaintiff has complied with all conditions precedent in filing this action, to wit;

    a. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Miami District Office on or about November 20, 2020.

    b. Plaintiff was issued a Notice of Suit Rights as to all charges of discrimination and retaliation on or about August 16, 2021.

12. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

13. Plaintiff is a 52-year-old religious woman and an Associate Pastor at a Christian church in her community.

14. As a faithful Christian, Plaintiff observes the Sabbath and dedicates all of her Sundays to God. As far as Plaintiff can recall, she has never worked on a Sunday in her entire life.

15. Plaintiff began working for Defendant decorating cakes on or about January 3, 2014.

16. When Plaintiff completed her application for employment with Defendant and subsequent interview with the store manager, she indicated that she was unavailable to work on Sundays because of her religious beliefs.

17. In or about 2020, a new manager, Shanetta Williams, began to schedule Plaintiff to work on Sunday.

18. Plaintiff repeatedly objected to working on Sundays, and incessantly explained to management and corporate that working on Sundays is against her religious belief.

19. While objecting to working on Sundays, Plaintiff offered to take other shifts on different days, including Saturdays, to satisfy any staffing needs Defendant may have.

20. In response to her objections, manager Shanetta Williams began retaliating against Plaintiff by micromanaging her work, disparaging and defaming her character, scheduling Plaintiff to work on days she indicated were unavailable, issuing unwarranted discipline against her, and even threatening to terminate Plaintiff.

21. The acts of Defendant toward Plaintiff have caused anxiety, stress, sleeplessness, and mental pain and anguish to Plaintiff.

**COUNT I: VIOLATION OF TITLE VII –
DISCRIMINATION BASED ON RELIGION (DISPARATE TREATMENT)**

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. Plaintiff is a member of a protected class of citizens.

24. Plaintiff was and is qualified for her position.

25. At all times material, Defendant intentionally engaged in unlawful employment practices and discrimination by, *inter alia*, treating Plaintiff differently in the terms and conditions of her employment because of her religion and religious beliefs by scheduling Plaintiff to work on Sunday despite her religion and religious beliefs.

26. The disparate treatment of Plaintiff by Defendant was due to Plaintiff's religion and religious beliefs.

27. The disparate treatment of Plaintiff by Defendant was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with Defendant.

28. Defendant, as Plaintiff's employer, were responsible for maintaining a working environment free from discrimination.

29. Defendant's discriminatory behavior was part of a custom, pattern and practice of unlawful discrimination of employees because of their religion and religious beliefs.

30. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

31. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and prospective benefits solely because of Defendant's conduct.

32. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff requests this Honorable Court:

a. Enter judgment in Plaintiff's favor and against the Defendant for their violations of Title VII;

b. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in a Title VII action;

c. Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff prejudgment interest on her damages award;

e. Award Plaintiff punitive damages;

f. Enjoin the Defendant, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

g. Award Plaintiff reasonable costs and attorney's fees; and

h. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT II: VIOLATION OF TITLE VII – DISCRIMINATION BASED ON RELIGION (HOSTILE WORK ENVIRONMENT)

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

34. Plaintiff is a member of a protected class of citizens.

35. Plaintiff was and is qualified for her position.

36. During the course of Plaintiff's employment with the Defendant, Plaintiff was subjected to a hostile work environment when Defendant disparaged and defamed Plaintiff's character, and threatened to terminate Plaintiff. This conduct was substantially motivated by Plaintiff's religion and religious beliefs.

37. The offensive and discriminatory remarks and conduct were offensive to Plaintiff and would be offensive to a reasonable person.

38. The offensive and discriminatory remarks and conduct was due to Plaintiff's religion and religious beliefs.

39. The offensive and discriminatory remarks and conduct were severe, pervasive and altered the terms and conditions of Plaintiff's employment.

40. Defendant was aware of the hostile work environment Plaintiff was subjected to and took no remedial action to cease such behavior.

41. Defendant's discriminatory behavior was part of a custom, pattern and practice of unlawful discrimination of employees because of their religion and religious beliefs.

42. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish, including embarrassment, humiliation, emotional distress, and other forms of damage

43. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and prospective benefits solely because of Defendant's conduct.

44. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff requests this Honorable Court:

a. Enter judgment in Plaintiff's favor and against the Defendant for their violations of Title VII;

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800      Telephone: 305.503.5131
Aventura, Florida 33180              Facsimile: 888.270.5549

7

b.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in a Title VII action;

c.  Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d.  Award Plaintiff prejudgment interest on her damages award;

e.  Award Plaintiff punitive damages;

f.  Enjoin the Defendant, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

g.  Award Plaintiff reasonable costs and attorney's fees; and

h.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT III: RETALIATION BASED RELIGEON IN VIOLATION OF TITLE VII

45.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

46.  Plaintiff is over 40 years old and is within a protected class.

47.  Plaintiff was qualified to perform her job.

48.  Plaintiff engaged in protected activity when she repeatedly objected to working on Sundays, and incessantly explained to management and corporate that working on Sundays is against her religious belief.

49.  Defendant intentionally engaged in unlawful employment practices and retaliation in violation of Title VII by micromanaging Plaintiff's work, disparaging and defaming Plaintiff's character, scheduling Plaintiff to work on days she indicated were unavailable, issuing Plaintiff's

unwarranted discipline, and even threatening to terminate Plaintiff because Plaintiff objected to the discriminatory treatment in the workplace due to her religion and religious beliefs.

50. Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of her employment in violation of Title VII.

51. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

52. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and prospective benefits solely because of Defendant's conduct.

53. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

b. Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under Title VII;

c. Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d. Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

e. Award Plaintiff reasonable costs and attorney's fees;

f.  Award Plaintiff prejudgment interest on any damages award; and

g.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT IV: VIOLATION OF THE FCRA – DISCRIMINATION BASED ON RELIGION (DISPARATE TREATMENT)

54. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

55. Plaintiff is a member of a protected class of citizens.

56. Plaintiff was and is qualified for her position.

57. At all times material, Defendant intentionally engaged in unlawful employment practices and discrimination by, *inter alia*, treating Plaintiff differently in the terms and conditions of her employment because of her religion and religious beliefs by scheduling Plaintiff to work on Sunday despite her religion and religious beliefs.

58. The disparate treatment of Plaintiff by Defendant was due to Plaintiff's religion and religious beliefs.

59. The disparate treatment of Plaintiff by Defendant was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with Defendant.

60. Defendant, as Plaintiff's employer, were responsible for maintaining a working environment free from discrimination.

61. Defendant's discriminatory behavior was part of a custom, pattern and practice of unlawful discrimination of employees because of their religion and religious beliefs.

62. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

63. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and prospective benefits solely because of Defendant's conduct.

64. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff requests this Honorable Court:

a. Enter judgment in Plaintiff's favor and against the Defendant for their violations of the FCRA;

b. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in a FCRA action;

c. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff prejudgment interest on her damages award;

e. Award Plaintiff punitive damages;

f. Enjoin the Defendant, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

g. Award Plaintiff reasonable costs and attorney's fees; and

h. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT V: VIOLATION OF THE FCRA – DISCRIMINATION BASED ON RELIGION (HOSTILE WORK ENVIRONMENT)

65. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

66. Plaintiff is a member of a protected class of citizens.

67. Plaintiff was and is qualified for her position.

68. During the course of Plaintiff's employment with the Defendant, Plaintiff was subjected to a hostile work environment when Defendant disparaged and defamed Plaintiff's character, and threatened to terminate Plaintiff. This conduct was substantially motivated by Plaintiff's religion and religious beliefs.

69. The offensive and discriminatory remarks and conduct were offensive to Plaintiff and would be offensive to a reasonable person.

70. The offensive and discriminatory remarks and conduct was due to Plaintiff's religion and religious beliefs.

71. The offensive and discriminatory remarks and conduct were severe, pervasive and altered the terms and conditions of Plaintiff's employment.

72. Defendant was aware of the hostile work environment Plaintiff was subjected to and took no remedial action to cease such behavior.

73. Defendant's discriminatory behavior was part of a custom, pattern and practice of unlawful discrimination of employees because of their religion and religious beliefs.

74. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish, including embarrassment, humiliation, emotional distress, and other forms of damage

75. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and prospective benefits solely because of Defendant's conduct.

76. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff requests this Honorable Court:

a. Enter judgment in Plaintiff's favor and against the Defendant for their violations of the FCRA;

b. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in a FCRA action;

c. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff prejudgment interest on her damages award;

e. Award Plaintiff punitive damages;

f. Enjoin the Defendant, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

g. Award Plaintiff reasonable costs and attorney's fees; and

h. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT VI: RETALIATION BASED RELIGEON IN VIOLATION OF THE FCRA

77. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

78. Plaintiff is over 40 years old and is within a protected class.

79. Plaintiff was qualified to perform her job.

80. Plaintiff engaged in protected activity when she repeatedly objected to working on Sundays, and incessantly explained to management and corporate that working on Sundays is against her religious belief.

81. Defendant intentionally engaged in unlawful employment practices and retaliation in violation of the FCRA by micromanaging Plaintiff's work, disparaging and defaming Plaintiff's character, scheduling Plaintiff to work on days she indicated were unavailable, issuing Plaintiff's unwarranted discipline, and even threatening to terminate Plaintiff because Plaintiff objected to the discriminatory treatment in the workplace due to her religion and religious beliefs.

82. Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

83. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

84. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and prospective benefits solely because of Defendant's conduct.

85. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests this Honorable Court:

SAENZ & ANDERSON, PLLC

| 20900 NE 30th Avenue, Suite 800 | Telephone: 305.503.5131 |
| Aventura, Florida 33180 | Facsimile: 888.270.5549 |

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b. Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the FCRA;

c. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d. Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

e. Award Plaintiff reasonable costs and attorney's fees;

f. Award Plaintiff prejudgment interest on any damages award; and

g. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

Dated: September 29, 2021.

Respectfully submitted,

By: **/s/ Tanesha W. Blye**
Tanesha W. Blye, Esq.
Fla. Bar No.: 0738158
Aron Smukler, Esq.
Fla. Bar. No.: 297779
R. Martin Saenz, Esq.
Fla. Bar. No. 640166

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800    Telephone: 305.503.5131
Aventura, Florida 33180            Facsimile: 888.270.5549

15